■ In the Matter of REBECCA JOHNSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [832 NYS2d 506]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered July 28, 2005, which denied petitioner's application for leave to file a late notice of claim, unanimously reversed, on the law, without costs, and the petition granted.

Respondent New York City Housing Authority (NYCHA) acquired actual notice of the essential facts underlying petitioner's claim within 90 days or a reasonable time thereafter as evidenced by petitioner's uncontested averments that in response to her call, a NYCHA maintenance man inspected the subject window in her apartment on the same day as the accident and told her that an internal spring had broken. Such evidence, combined with petitioner's August 22, 2004 telephone call to NYCHA and her in-person complaint to NYCHA on September 14, 2004, also timely put NYCHA on notice of the causal connection between its claimed negligence and petitioner's injuries.

Petitioner's delay in timely filing a notice of claim, allegedly due to her lack of knowledge of the severity of her hand injuries was minimal. Nor does the record demonstrate that NYCHA sustained prejudice because petitioner's moving papers initially gave the wrong accident date since the accompanying hospital reports, inter alia, reflected August 22, 2004 as the date petitioner presented at the hospital for hand injuries due to a falling window. On that basis, the affidavit of NYCHA manager Paul Levell, attesting to the lack of complaints with or work performed by NYCHA on petitioner's windows either on or before the original stated accident date, namely, July 22, 2004, is not probative. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.